IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MD IQBAL I. SINGH, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 22-00290-JB-B |
| | * |
| MD DEREK L. ROBBEN, | * |
| | * |
|     Defendant. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant's Motion to Dismiss for failure to perfect service and alternatively Motion to Transfer. (Doc. 1). The motions, which have been fully briefed, have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned RECOMMENDS that Defendant Robben's Motion to Dismiss be GRANTED, in part, and DENIED, in part. The motion should be DENIED for insufficiency of service, and GRANTED without prejudice, pursuant to Rule 12(b)(2), Fed. R. Civ. P. for lack of personal jurisdiction. Robben's alternative request to transfer venue should be DENIED as MOOT.

    I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Iqbal I. Singh, MD, a resident of Selma, Alabama, filed the instant action on January 4, 2022, in the Circuit Court of Dallas County against Defendant Derek L. Robben, MD, whom Singh

describes as a "business entity" located in Tampa, Florida. (Doc. 2-1). Singh alleges that Defendant Derek L. Robben, MD, assisted by his Clinical Coordinator John Harden, conducted an inadequate evaluation of him, submitted a flawed final report to "the Florida PRN", and refused his repeated requests for the evaluation and findings. (Id.).

The Dallas County Circuit Court docket reflects that certified mail was issued on January 4, 2022 to Robben at 2522 W. Kennedy Blvd, Tampa, FL 33609, that Robben was served by served certified mail on January 7, 2022, and that a return receipt was received on January 12, 2022. (Docs. 2-3 at 3, 5, 10, 12). The return receipt does not contain a signature, but instead has "C19" listed in the space for the signature or recipient name. (Id. at 10). It also lacks a delivery date, and neither the "agent" nor "addressee" box is checked. (Id.). On May 31, 2022, Singh filed an Application and Affidavit for Entry of Default Judgment, and the Circuit Court of Dallas County scheduled the matter for a hearing on August 23, 2022. (Id. at 3).

Subsequent thereto, Robben filed a Notice of Removal and removed the case to this Court on July 25, 2022. (Doc. 2). Robben asserts the existence of diversity jurisdiction, and alleges that Singh is a citizen of Alabama, that he is a citizen of Florida, and that based on Singh's demand for $1,000,000, the amount in controversy exceeds $75,000. (Id. at 4-5). Contemporaneous with

2

the Notice of Removal, Robben filed the instant motion seeking to dismiss Singh's complaint due to insufficient service and lack of personal jurisdiction. (Doc. 1). In the alternative, Robben asserts that venue is improper, and that this case should be transferred to Tampa. (Id.). The motion has been fully briefed and is ripe for resolution.

**II. DISCUSSION**

    **A. Service of Process**

        **1. Controlling Law**

For any legal action to commence, the plaintiff must effectuate proper service. Fed. R. Civ. P. 4. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F. 2d. 1313, 1317 (11th Cir. 1990). Therefore, where a court finds insufficient service, it is "improper for the district court to ... reach[ ] the merits in th[e] case and to ... issue[ ] a dismissal with prejudice." Jackson v. Warden, FCC Coleman-USP, 259 F. App'x. 181, 182-83 (11th Cir. 2007). Accordingly, the Court turns its attention to Robben's 12(b)(5) motion first.

It is the defendant's burden to challenge the sufficiency of service by describing with specificity how the service of process failed to meet the procedural requirements of Rule 4. Hollander v. Wolf, 2009 U.S. Dist. LEXIS 101446, at *7, 2009 WL 3336012, at

3

\*3 (S.D. Fla. Oct. 14, 2009). "Once the defendant carries that burden, the burden shifts to the plaintiff to prove a *prima facie* case of proper service of process." Auto-Owners Ins. Co. v. Smith, 2019 U.S. Dist. LEXIS 195892, at \*2, 2019 WL 5701294, at \*1 (N.D. Ga April 19, 2019). "If a plaintiff makes a *prima facie* showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." Hollander, 2009 U.S. Dist. LEXIS 101446, at \*8, 2009 WL 3336012, at \*3.

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may bring a motion to dismiss based on insufficient service of process. In deciding a Rule 12(b)(5) motion, a district court may consider matters outside of the pleadings and make findings of fact based on affidavits and other evidence relevant to the issue. Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008). "A defendant's actual notice is not sufficient to cure defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007)(per curiam).

In cases removed from state courts, the sufficiency of service of process attempted before removal is governed by state law. See Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 n.1 (11th Cir. 1985); Rentz v. Swift Transp. Co., 185 F.R.D. 693, 696 (M.D. Ga. 1998)("In actions removed from state court, the sufficiency of service of process prior to removal is determined

by the law of the state from which the action was removed."). Because this case was in state court when Plaintiff attempted service, the sufficiency of that service is governed by Alabama law.

**2.   Analysis**

Alabama law permits service of process by certified mail pursuant to Rule 4(i)(2)(B) of Alabama's Rules of Civil Procedure.

> Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default. An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default.

Ala. R. Civ. P. 4(i)(2)(C)

Under Alabama law, Robben can be served by certified mail. Ala. R. Civ. P. 4(i)(2). In his motion to dismiss, Robben argues insufficient service of process. (Doc. 1). In support of his motion, Robben submitted a sworn declaration averring that the address listed on the return receipt is not his dwelling house or usual place of abode, but is his employer's address, and that he never signed for any certified mail related to this lawsuit or

5

authorized anyone else to sign as his agent for any certified mail related to this lawsuit. (Doc. 1-6 at 2). According to Robben, while the state docket entry reflects service by certified mail on January 7, 2022, to him at 2522 W. Kennedy Blvd., Tampa, FL 33609, the return receipt lacks the date of delivery, a signature, or a recipient name. (Doc. 1). Indeed, the return receipt reflects that the signature box contains the notation "C19" for the signature and recipient name, and that neither the agent nor addressee boxes are checked[1]. (Doc. 1-2 at 2). In his response, Plaintiff, who is proceeding pro se[2], argues that the state court acknowledged that the complaint was served, that Defendant Robben's motion to dismiss comes after the state court had scheduled a hearing on his application for default, and that Robben is simply attempting to "whitewash the lapse in [a] response" by him. (Doc. 4).

---

[1] Robben asserts and Plaintiff does not dispute that while the United States Postal Service abrogated normal procedures for obtaining signatures on certified mail return receipts during Covid-19, Alabama did not modify the requirements for obtaining signatures (on certified mail) for purposes of service during the pandemic. (Doc. 1 at 4-6).

[2] "[O]nce a pro se [] litigant is in court, he [or she] is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). See also Albra, 490 F.3d at 829 ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'" (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam)); S.D. Ala. Gen. LR 83.5(a).

In this action, there is no question that the return receipt in this case is lacking the date of delivery, and the signature of Robben or any authorized agent. However, notwithstanding these defects, Ala. R. Civ. P. 4(i)(2)(C) provides that an agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint, or the court determines that the evidence proves the addressee did actually receive the summons and the complaint in time to avoid a default. Ala. R. Civ. P. 4(i)(2)(C). See also Floyd v. PEM Real Estate Grp, 2018 U.S. Dist. LEXIS 140939(S.D. Ala. 2018 Aug. 17, 2018 ), report and recommendation adopted as modified on other grounds, 2018 U.S. Dist. LEXIS 156473 2018 WL 4374185 (S.D. Ala. Sept. 13, 2018)(where defendants asserted that manager did not have authority to sign for certified mail left for them at their place of employment but made no argument that they were in danger of default, court denied motion to dismiss for improper service); Metz v. Milne, 2022 WL 3442352, at *4 (S.D. Ala. July 19, 2022), report and recommendation adopted, 2022 U.S. Dist. LEXIS 127815, 2022 WL 3438985 (S.D. Ala. Aug. 16, 2022)(court held that case should not be dismissed for insufficient service of process notwithstanding alleged defect in Plaintiff's service of process where defendants did actually receive the summons and complaint in time to avoid a default, and the defendants made no argument that they were in danger of default judgment); Ex parte Rich, 2022 Ala. Civ. LEXIS 25, 2022 WL 628413(Ala. Civ. App. Mar.

4, 2022)(Although the signature on the postal receipt was illegible, the Alabama Court of Civil Appeals held that the trial court had before it sufficient evidence to find that notwithstanding the incomplete return receipt, someone at the defendant's home had received the certified mail, and that the defendant had actually received notice of the registration petition in time to avoid a default.)

As noted *supra,* Robben asserts that service was defective because the certified mail was not addressed to his dwelling house or usual place of abode, and the return receipt was not signed by him, nor anyone authorized to sign as his agent for any certified mail related to this lawsuit. (Doc. 1-6 at 2). Although the return receipt was clearly defective and Plaintiff did file a motion for default while this matter was pending in state court, Robben has not argued, nor could he, that he did not receive the summons and complaint in time to avoid a default. In fact, it is readily apparent that Robben received the summons and complaint because he was able to remove the action to this Court and file the instant motion to dismiss before the state court took any action on Plaintiff's motion for default. Accordingly, the undersigned finds that dismissal for insufficiency of service is not appropriate under the circumstances of this case.

### B. Lack of Personal Jurisdiction

#### 1. Controlling Law

Robben also argues that Plaintiff's action should be dismissed for lack of personal jurisdiction. (Doc. 1). According to Robben, personal jurisdiction is lacking because he resides in Florida and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Florida. (Id. at 2). In his response, Plaintiff does not address Robben's argument, but merely asserts that Robben did in fact receive the complaint via certified mail and did not respond until after Plaintiff filed motion for default. (Doc. 4).

The issue of whether a court has personal jurisdiction over a defendant is a question of law. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010). Rule 12 of the Federal Rules of Civil Procedure allows a party to assert the defense of lack of personal jurisdiction by motion. See Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted); see also Hard Candy, LLC v. Hard Candy Fitness, LLC, 106 F. Supp. 3d 1231, 1238 (S.D. Fla. May 13, 2015). The court "must accept the facts alleged in the complaint as true, to the extent they are

9

uncontroverted by the defendant's affidavits." Vision Media TV Grp., LLC v. Forte, 724 F. Supp. 2d 1260, 1263 (S.D. Fla. 2010).

If the defendant meets its burden of submitting affidavits or other competent evidence to challenge the plaintiff's jurisdictional allegations, the burden shifts back to the plaintiff to "substantiate the jurisdictional allegations in the complaint by affidavits, testimony or documents." Id. at 1263-64; see also Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc., 719 F. Supp. 2d 1333, 1334 (M.D. Ala. 2010) ("In other words, the plaintiff cannot respond merely by relying on the jurisdictional allegations in its complaint but must substantiate those allegations by affidavit or other component proof.").

"[W]here the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988) (citation omitted). Notwithstanding the burden-shifting framework identified herein, "[i]t goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009).

Under the due process clause, "a State may authorize its courts to extend personal jurisdiction over an out-of-state

defendant if the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair place and substantial justice.'" Daimler AG v. Bauman, 571 U.S. 117, 126 (2014) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "The Due Process Clause, by ensuring the 'orderly administration of the laws,' gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (internal citation omitted).

When faced with a Rule 12(b)(2) motion, "the plaintiff has the twin burdens of establishing that personal jurisdiction over the defendant comports with (1) the forum state's long-arm provision[3] and (2) the requirements of the due-process clause of the Fourteenth Amendment to the United States Constitution."

---

[3] Alabama's long arm rule provides, in relevant part:

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States . . . .

Ala. R. Civ. P. 4.2(b) (effective Aug. 1, 2004).

Continental Motors, Inc. v. Jewell Aircraft, Inc., 882 F. Supp. 2d 1296, 1306 (S.D. Ala. 2012) (citation omitted). "In this case, the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007). Thus, the Court must determine whether the exercise of personal jurisdiction over Robben comports with the constitutional guarantees of due process.

The particulars of the constitutional analysis depend on whether the type of personal jurisdiction asserted in a case is "general" or "specific." Facts supporting personal jurisdiction "may be general, which arise from the party's contacts with the forum state that are unrelated to the claim, or specific, which arise from the party's contacts with the forum state that are related to the claim." Continental Motors, 882 F. Supp. 2d at 1307 (citation omitted). General jurisdiction "refers to the power of a court in the forum to adjudicate any cause of action involving a particular defendant, irrespective of where the cause of action arose" because the defendant is at home in the forum. Oldfield, 558 F.3d at 1220 n.27.

### 2. Analysis

Here, the only person with known contacts to the state of Alabama is Plaintiff. In his complaint, Plaintiff asserts that he is a resident of Alabama, and that Robben is located in Florida.

12

(Doc. 2-3 at 7). Plaintiff does not however offer any facts which suggest that Robben has any contacts, specific or general, with the state of Alabama. (Doc. 4). And he does not refute Robben's sworn declaration that the medical evaluation referenced in Plaintiff's complaint was completed in Florida. (Doc. 1-6). Accordingly, based on the record before the Court, the undersigned finds that Robben could not have reasonably anticipated being haled into court in Alabama and that the exercise of personal jurisdiction in this forum would not "comport with traditional notions of fair play and substantial justice." See Future Technology Today, Inc. v. OSF Healthcare Systems, 218 F.3d 1247, 1251-1252 (11th Cir. 2000). Because Plaintiff has provided no facts to support the exercise of personal jurisdiction over Robben and has not rebutted the facts in Robben's declaration, the undersigned finds that the Court lacks personal jurisdiction over Robben, and thus RECOMMENDS that the Court grants Robben's motion to dismiss due to lack of personal jurisdiction.[4]

### III. CONCLUSION

For the reasons set forth above, the undersigned RECOMMENDS that Defendant Robben's Motion to Dismiss be GRANTED, in part, and

---

[4] Because the undersigned is recommending that Robben's motion to dismiss for lack of personal jurisdiction be granted, without prejudice, the undersigned recommends that the motion to transfer be denied as moot. See Koock v. Sugar & Felsenthal LLP, 2011 U.S. Dist. LEXIS 162359 (M.D. Fla. March 30, 2011)(court reasoned that "since personal jurisdiction was not established, it did not matter if venue was proper.); Vesdia Corp. v. Puritan's Pride, 2009 U.S. Dist. LEXIS 137744 (N.D. Ga. Dec. 31, 2009).

DENIED, in part. The motion should be DENIED for insufficiency of service, and GRANTED without prejudice, pursuant to Rule 12(b)(2), Fed. R. Civ. P. for lack of personal jurisdiction. The alternative request to transfer venue should be DENIED as MOOT.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

14

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **January, 2023.**

                                              **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**